UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

```
LAVONDA JETER,              )   No.  CV 12-9822-CW
                            )
          Plaintiff,        )
                            )   DECISION AND ORDER
     v.                     )
                            )
CAROLYN W. COLVIN,          )
Commissioner of Social      )
Security,                   )
                            )
          Defendant.        )
_____)
```

**PROCEEDINGS**

On November 28, 2012, Lavonda Jeter ("Plaintiff") filed a Complaint seeking review of the Commissioner's denial of her applications for supplemental security income and disability insurance benefits. Thereafter, the parties filed a Consent to Proceed Before United States Magistrate Judge Carla Woehrle. On July 9, 2013, Defendant filed an Answer to Complaint. On September 4, 2013, the parties filed their Joint Stipulation.

For the reasons stated below, the Court finds that judgment should be granted in favor of Defendant, affirming the Commissioner's decision, and dismissing this action with prejudice.

**BACKGROUND**

On June 29, 2010, Plaintiff filed applications for supplemental security income and disability insurance benefits. (Administrative Record ["AR"] at 138-42.) Plaintiff alleged that, beginning on July 22, 2009, she was unable to work due to hearing loss, diabetic neuropathy, migraine headaches, high blood pressure, gastritis, bladder infection, swollen feet, and depression. (AR at 66, 138.) Plaintiff's applications were denied initially on November 10, 2010. (AR at 66-75.)

On or about December 6, 2010, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 76.) The ALJ conducted a hearing on July 19, 2011. (AR at 11-41.) Plaintiff appeared at the hearing with her counsel and testified. (AR at 14-38.) A vocational expert also testified. (AR at 38-40.)

On July 27, 2011, the ALJ issued his decision denying benefits. (AR at 44-57.) In his decision, the ALJ found that Plaintiff suffers from the following "severe" combination of impairments: obesity, diabetes mellitus, dorsalis pedis of the right foot, hypertension, and adjustment disorder with depressed mood. (AR at 49.) The ALJ concluded that Plaintiff has the residual functional capacity to "perform light work," with the following limitations: "[Plaintiff] can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. She should avoid climbing ladders, ropes and scaffolds; heights and hazards; and extreme temperatures. In addition, she is limited to simple to moderately complex work." (AR at 51.)

The ALJ determined that Plaintiff could not perform her past relevant work as a stock clerk. (AR at 55.) Nevertheless, the ALJ found that, considering Plaintiff's age, education, work experience,

and residual functional capacity, there were significant numbers of jobs that she could perform. Specifically, the ALJ found that Plaintiff could perform the jobs of cashier, garment bagger, and floor worker. (AR at 56.) Ultimately, the ALJ concluded that Plaintiff was not disabled pursuant to the Social Security Act. (AR at 57.)

On August 5, 2011, Plaintiff requested review of the ALJ's decision. (AR at 131-34.) The Appeals Council denied Plaintiff's request for review. (AR at 1-6.)

**PLAINTIFF'S CONTENTIONS**

The parties' Joint Stipulation sets out the following disputed issues:

1. Whether the ALJ erred by finding that Plaintiff's mental impairment was non-severe;
2. Whether the ALJ's RFC finding was in accordance with agency rules and regulations;
3. Whether the ALJ properly considered the opinions of Derrick Butler, M.D. and Lawrence Miller, M.D.; and
4. Whether the ALJ properly evaluated Plaintiff's subjective complaints and the lay witness statements of Plaintiff's daughter.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. <u>DeLorme v. Sullivan</u>, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance.

Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). In other words, it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401.

In determining whether substantial evidence supports the ALJ's findings, the Court must review the record as a whole and consider "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[s]." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the Court "may not substitute its judgment" for that of the ALJ, and the ALJ's decision must be upheld. Id. at 720-21; see also Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

**A.  The Sequential Evaluation**

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999); Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test. See 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ determines if the claimant is engaging in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he is, the claimant is found not disabled. If he is not, the ALJ proceeds to step two.

4

At step two, the ALJ determines whether the claimant has a "severe" impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is "severe" if it significantly limits the claimant's ability to perform basic work activities and is expected to persist for a period of twelve months or longer. See Bowen v. Yuckert, 482 U.S. 137, 141, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If the claimant does not have a "severe" impairment or combination of impairments, disability benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment or combination of impairments is "severe," the ALJ proceeds to step three.

At step three, the ALJ determines whether the claimant's impairment or combination of impairments meets or equals an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If so, the claimant is automatically determined disabled. See 20 C.F.R. §§ 404.1520(d), 416.920(d). If not, the ALJ proceeds to step four.

At step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is the "most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The ALJ then must determine whether the claimant's RFC is sufficient for the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the claimant is not disabled. If the claimant is no longer capable of past relevant work, the ALJ proceeds to step five. See 20 C.F.R. §§ 404.1520(f), 416.920(f).

1  At the fifth and final step, the ALJ determines whether,
2 considering claimant's RFC, age, education, and work experience, the
3 claimant is able to perform other work that is available in
4 significant numbers in the national economy. 20 C.F.R.
5 §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If he is, the claimant is not
6 disabled. If he is not, the claimant is disabled and entitled to
7 benefits. Id.

8  Claimants have the burden of proof at steps one through four,
9 subject to the presumption that Social Security hearings are non-
10 adversarial and to the Commissioner's affirmative duty to assist
11 claimants in fully developing the record even if they are represented
12 by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen v. Chater, 80
13 F.3d 1273, 1288 (9th Cir. 1996). If this burden is met, a prima facie
14 case of disability is made, and the burden shifts to the Commissioner
15 at step five. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at
16 721; 20 C.F.R. §§ 404.1520, 416.920.

**B.  Mental Impairment**

 Plaintiff contends that the ALJ erred at step two of the sequential evaluation by determining that her mental impairment was non-severe. (Joint Stip. at 4-5.)

 Plaintiff's claim is without merit. "[The Ninth] Circuit has consistently held that an ALJ's error in finding a claimant's impairment is not severe at step two is harmless if the ALJ considers the resulting limitations caused by the impairment later in the sequential evaluation process." Cheth v. Colvin, 2013 WL 5652344, at *4 (W.D. Wash. Oct. 15, 2013); see also Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007); Burch v. Barnhart, 400 F.3d 676, 683-84 (9th Cir. 2005). In this case, even though the ALJ found that Plaintiff's

depression on its own was non-severe (AR at 49-50), the ALJ proceeded to the next step in the sequential evaluation and considered this impairment in the RFC finding (see AR at 53). Specifically, when evaluating Plaintiff's RFC at step four, the ALJ properly took into account Plaintiff's mental impairment by limiting Plaintiff to "simple to moderately complex work." (See AR at 51, 53.) This limitation adequately addresses Plaintiff's depression.[1] Accordingly, any error that the ALJ may have committed at step two pertaining to Plaintiff's depression was harmless. See Lewis, 498 F.3d at 911; Burch, 400 F.3d at 682.

## C. **The ALJ's RFC Assessment**

The ALJ determined that Plaintiff has the residual functional capacity to "perform light work as defined in 20 C.F.R. 404.1567(b)

---

[1] To the extent Plaintiff is arguing that the ALJ's RFC assessment fails to adequately address her mental impairment, the Court rejects the argument. In the Joint Stipulation, Plaintiff points out that the consultative examiner, Dr. Fahmy Ibrahim, assessed her with mild to moderate mental limitations, including a moderate limitation in the ability to focus and concentrate, and that the ALJ failed to include these limitations in the RFC. (Joint Stip at 5; AR at 364.) The ALJ, however, gave sufficient reasons for rejecting Dr. Ibrahim's opinion (see AR at 53), and Plaintiff does not argue otherwise. Moreover, the Court notes that two of the jobs identified by the VE, garment bagger and floor worker, have SVPs of 1 and reasoning levels of 1. A job with a SVP of 1 and reasoning level of 1 has been found to be consistent with a moderate limitation in concentration, persistence, and pace. See, e.g., Sabin v. Astrue, 337 Fed. Appx. 617, 621 (9th Cir. 2009)(finding ALJ properly assessed medical evidence in determining that despite moderate difficulties as to concentration, persistence, or pace, claimant could perform simple and repetitive tasks on a consistent basis); Brown v. Astrue, 2012 WL 761681, at *10 (E.D. Cal. March 6, 2012)(noting that a job with an SVP of 2 and a reasoning level of 2 "fully encompasses any and all restrictions imposed by Plaintiff's moderate difficulties with concentration, persistence, and pace."). Accordingly, even if the ALJ erred in rejecting Dr. Ibrahim's opinion, any error was harmless.

and 416.967(b)" with some additional limitations. (AR at 51.) Plaintiff contends that the ALJ's RFC assessment is in error because the ALJ should not have expressed her RFC in terms of a category of work. Rather, the ALJ was required to provide a "function by function" analysis of her RFC as dictated by SSR 96-8p. (Joint Stip. at 11-12.)

Social Security Ruling 96-8p provides:

> At step 4 of the sequential evaluation process, the RFC must not be expressed initially in terms of the exertional categories of "sedentary," "light," "medium," "heavy," and "very heavy" work because the first consideration at this step is whether the individual can do past relevant work as he or she actually performed it.
>
> RFC may be expressed in terms of an exertional category, such as light, if it becomes necessary to assess whether an individual is able to do his or her past relevant work as it is generally performed in the national economy. However, without the initial function-by-function assessment of the individual's physical and mental capacities, it may not be possible to determine whether the individual is able to do past relevant work as it is generally performed in the national economy because particular occupations may not require all of the exertional and nonexertional demands necessary to do the full range of work at a given exertional level.
>
> At step 5 of the sequential evaluation process, RFC must be expressed in terms of, or related to, the exertional categories when the adjudicator determines whether there is other work the

> individual can do.  However, in order for an individual to do a full range of work at a given exertional level, such as sedentary, the individual must be able to perform substantially all of the exertional and nonexertional functions required in work at that level.  Therefore, it is necessary to assess the individual's capacity to perform each of these functions in order to decide which exertional level is appropriate and whether the individual is capable of doing the full range of work contemplated by the exertional level.

SSR 96-8p, 1996 WL 374184, at *3 (July 2, 1996).

Here, the ALJ failed to comply with the requirements of SSR 96-8p and make an explicit function-by-function assessment at step four of the sequential evaluation.  Nonetheless, any error was harmless because the ALJ determined at step four that Plaintiff could not perform her past relevant work as a stock clerk (AR at 55), and Plaintiff does not dispute this finding.  See Membrila v. Astrue, 2013 WL 3064172, at *3 (D. Ariz. June 18, 2013); Perez v. Astrue, 2011 WL 5909877, at *8 (D. Ariz. Nov. 28, 2011).

At step five, the ALJ properly expressed Plaintiff's RFC in terms of the exertional categories used to assess whether an individual can perform work as generally performed in the national economy. Specifically, the ALJ found that Plaintiff could "perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b)."[2]  In so

---

[2] "Light work" is defined as follows:  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a
(continued...)

determining, the ALJ implicitly found that Plaintiff "was able to perform substantially all of the exertional and nonexertional functions required in work at that level." SSR 96-8p, 1996 WL 374184, at *3. This assessment that Plaintiff is physically able to perform the full range of light work is supported by the opinions of the consultative examiner and the State Agency medical consultant. Both the consultative examiner and the State Agency physician opined that Plaintiff can lift and carry 50 pounds occasionally and 25 pounds frequently, and that she can stand, walk, and sit up to 6 hours in an workday. (AR at 359, 457.) The State Agency physician further opined that Plaintiff is unlimited in her ability to push and pull. (AR at 457.)

For the foregoing reasons, the Court rejects Plaintiff's claim. See Buckner-Larkin v. Astrue, 450 Fed. Appx. 626, 627 (9th Cir. 2011)(rejecting Plaintiff's argument that her RFC was incorrectly determined because the ALJ did not set forth a function-by-function assessment).[3]

**D.  Treating Physicians**

Next, Plaintiff contends that the ALJ improperly rejected the opinions of her treating physicians, Derrick Butler, M.D., and

---

[2](...continued)
full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

[3] In the Joint Stipulation, Plaintiff argues that the ALJ failed to "consider all of the relevant medical evidence." (Joint Stip. at 17.) But this argument goes to whether the ALJ properly weighed the medical evidence, not to whether the ALJ's RFC assessment complied with the requirements of the Social Security Regulations.

Lawrence Miller, M.D. (Joint Stip. at 17-20.)

In general, a treating physician's opinion is entitled to special consideration because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). While a treating doctor's opinion regarding a claimant's condition is not necessarily conclusive as to either a medical condition or the ultimate issue of disability, it must be given substantial weight. Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see also Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (stating that opinions of treating physicians are entitled to great deference). Accordingly, an ALJ "may reject the uncontradicted medical opinion of a treating physician only for 'clear and convincing' reasons supported by substantial evidence in the record." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001)(quoting Reddick, 157 F.3d at 725). Even when there is a medical opinion contrary to that of the treating physician, an ALJ may rely on the contrary opinion only if there are "specific and legitimate" reasons supported by substantial evidence in the record. Holohan, 246 F.3d at 1202 (quoting Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995)). "'The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings.'" Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008)(quoting Magallanes, 881 F.2d at 751).

In this case, Dr. Miller reported on July 31, 2009 that Plaintiff "is unable to work and should be considered temporarily totally

disabled." (AR at 269.) Similarly, Dr. Butler opined on July 29, 2009, January 22, 2010, May 14, 2010 and June 3, 2010 that Plaintiff is unable to work. (AR at 306, 478-79, 481.) Dr. Butler also filled out a physical RFC questionnaire on March 23, 2011, in which he opined that Plaintiff was extremely limited in her functioning. (See AR at 786-89.)

Dr. Miller's and Dr. Butler's opinions were contrary to those of the consultative internist and the State Agency medical consultant. (See AR at 359, 457.) Thus, the ALJ needed to give only "specific and legitimate" reasons for rejecting them.

The ALJ adequately met this burden here. First, the ALJ did not err in giving little weight to Dr. Miller's and Dr. Butler's opinions that Plaintiff is unable to work because such a conclusion is reserved to the Commissioner. See 20 C.F.R. § 404.1527(d); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001). Moreover, the ALJ was not required to further develop the record. McLeod v. Astrue, 640 F.3d 881, 884-85 (9th Cir. 2011)("Rejection of the treating physician's opinion on ability to perform any rumunerative work does not by itself trigger a duty to contact the physician for more explanation.").

Second, the ALJ gave legally sufficient reasons for rejecting Dr. Butler's March 23, 2011 physical RFC assessment. The ALJ properly rejected Dr. Butler's opinion because it was unsupported by the objective medical evidence. (AR at 54.) See Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004)(ALJ may discredit treating physician's opinion that is unsupported by medical findings). Dr. Butler opined that Plaintiff was disabled due to uncontrolled diabetes, uncontrolled hypertension, obesity, lower back pain, and

12

diabetic neuropathy. (AR at 786.) However, while it is undisputed that Plaintiff suffers from uncontrolled diabetes and hypertension, Plaintiff fails to point to any objective medical evidence in the record, indicating that these conditions are disabling. Plaintiff did develop diabetic neuropathy, but she suffers only "mild, neuropathic pain." (AR at 788; see also AR at 359.) Likewise, regarding her lower back pain, Plaintiff fails to point to any objective medical evidence in the record, indicating that her lower back pain is disabling.

The ALJ also rejected Dr. Butler's opinion because it was inconsistent with his own treatment notes. (AR at 54.) This is a proper ground for rejecting a treating physician's opinion. See Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003)(holding that a treating doctor's opinion regarding patient's RFC can be discounted if it is unsupported by a doctor's own treatment notes); Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005)(discrepancies between a doctor's own notes and conclusions constitute a clear and convincing reason to reject that doctor's opinion.). In his RFC assessment, Dr. Butler stated that Plaintiff suffered from fatigue and pain that interfered with her ability to work. (AR at 786-87.) But his own treatment notes indicate otherwise. For example, on January 20, 2011, Dr. Butler reported that Plaintiff was "well-appearing" and in "no acute distress." He further noted that Plaintiff had been out of the state for two months with her sick mother. (AR at 764.) On March 21, 2011, Dr. Butler reported that Plaintiff was "general[ly] able to do usual activities" and had "good appetite, no fatigue" and "no weakness." (AR at 757-58.) On May 3, 2011, Dr. Butler reported that Plaintiff was "well-appearing" and in "good general state of health,"

13

and that Plaintiff had "good exercise tolerance" and "no fatigue." (AR at 837.) Additionally, on June 19, 2011, Dr. Butler reported that Plaintiff was in "no acute distress," and had a "general good appetite," "no fatigue," and "no weakness." (AR at 835.)

Accordingly, because the ALJ properly discounted the treating physicians' opinions, Plaintiff's claim is without merit.

**E.    Credibility**

Plaintiff contends that the ALJ failed to properly assess her subjective complaints and testimony and the lay witness statements of her daughter.

**1.    Plaintiff's Testimony**

An ALJ must engage in a two-step analysis to determine whether a claimant's testimony regarding subjective pain is credible. Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Id. at 1036. The claimant is not required to show that her impairment "could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." Id. "If the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives 'specific, clear and convincing reasons' for the rejection." Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009)(quotation omitted); Lingenfelter, 504 F.3d at 1036.

At the administrative hearing, Plaintiff testified that she was limited in her ability to work by leg and feet numbness, back pains

14

and dizzy spells. (AR at 20-21.) She alleged that she could stand for one hour, walk 30 minutes, sit 30 minutes to an hour, and lift 10 to 20 pounds. (AR at 28-29.)

In his decision, the ALJ gave several valid reasons for rejecting Plaintiff's complaints. First, the ALJ noted that Plaintiff's subjective complaints were not supported by the objective medical evidence. (AR at 52.) Although not sufficient alone, a lack of objective evidence supporting subjective symptom testimony is a factor that may be considered in a credibility determination. See 20 C.F.R. §§ 404.1529(c), 416.929(c)(2); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001)("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). Here, as discussed above, Plaintiff fails to point to any objective medical evidence indicating that her impairments were disabling.

Second, the ALJ properly noted that Plaintiff's activities of daily living were inconsistent with her subjective complaints. See Tommasetti, 533 F.3d at 1039 (An ALJ may consider the claimant's daily activities as one of many factors in weighing a claimant's credibility); Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)(same). The record indicates that Plaintiff is able to tend to her personal care needs, do light household chores, shop in stores and handle money. (AR at 33-34, 177, 179-80, 187) She also finishes what she starts, uses public transportation, and socializes. (AR at 34, 180-81, 187-89.)

Finally, the ALJ noted evidence of Plaintiff's poor compliance

with treatment. Tommasetti, 533 F.3d at 1039 ("The ALJ may consider many factors in weighing a claimant's credibility," including an "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment."). Here, there is evidence in the record that Plaintiff's diabetes, and consequently her diabetic neuropathy, was poorly controlled due to lack of compliance. (AR at 342.)

As such, the Court rejects this claim.

### 2. Lay Witness Testimony

The testimony of lay witnesses about their own observations regarding the claimant's impairments constitutes competent evidence that must be taken into account and evaluated by the Commissioner in the disability evaluation. Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009); Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006); Stout v. Comm'r of Soc. Sec. Admin., 454 F.3d 1050, 1053 (9th Cir. 2006). Such testimony cannot be discounted unless the ALJ gives reasons that are germane to that witness. Carmickle v. Comm'r of Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008); Stout, 454 F.3d at 1053 (citing Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993)); Bayliss, 427 F.3d at 1218; Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). "[W]here the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout, 454 F.3d at 1056.

In support of Plaintiff's application for disability benefits, her daughter, Desiraa Jordan, submitted a Third Party "Function

Report," detailing Plaintiff's daily activities. (AR at 176-83.) In the report, Ms. Jordan wrote that Plaintiff cannot stand or walk for a long period of time and that she cannot lift heavy objects. (AR at 177, 181.) She also wrote that she does all the house and yard work for Plaintiff. (AR at 178-79.) According to Ms. Jordan, Plaintiff cannot handle stress well, and she "cries and gets frustrated." (AR at 182.)

In his decision denying benefits, the ALJ gave several reasons for rejecting Ms. Jordan's testimony. Specifically, the ALJ noted that Ms. Jordan was not medically trained, was not a disinterested third party, and that her statements were not supported by objective medical evidence. (AR at 54-55.) These are permissible, germane reasons for rejecting lay witness testimony. See Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)(lay witness's "close relationship" with claimant is a legitimate, germane reason for rejecting that witness's testimony); see also Bayliss, 427 F.3d at 1218 ("Inconsistency with medical evidence" is a valid and germane reason for discounting lay witness testimony."). Thus, the Court rejects Plaintiff's claim.

//
//
//
//
//
//
//
//

**ORDER**

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **AFFIRMED**.

2. This action is **DISMISSED WITH PREJUDICE**.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: December 11, 2013

*Carla M. Woehrle*
_____
CARLA M. WOEHRLE
United States Magistrate Judge

18